## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| LIVIU POTRA and THOMAS HILTON, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | **CIVIL ACTION** |
| JACOBSON COMPANIES, INC., ) | |
| JACOBSON PACKAGING COMPANY, ) | **FILE NO.: 1:13-CV-00387-WSD** |
| LLC, JACOBSON TRANSPORTATION ) | |
| COMPANY, INC., and JACOBSON ) | |
| WAREHOUSE COMPANY, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |
| ) | |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS'
## MOTION TO DISMISS OR STAY ALL PROCEEDINGS

COME NOW Plaintiffs Liviu Potra and Thomas Hilton (Potra and Hilton, collectively, "Plaintiffs") and file this Opposition to Defendants' Motion to Dismiss or Stay All Proceedings filed by Jacobson Packaging Company, LLC, Jacobson Transportation Company, Inc., and Jacobson Warehouse Company (the "Defendants") in the above-styled action, respectfully showing the Court as follows:

# I.    __INTRODUCTION__

Plaintiffs oppose Defendants request to dismiss this action because, as discussed more fully below, Plaintiffs have standing to bring this action, and this Court has subject matter jurisdiction. Plaintiffs, in their Verified Complaint (the "Complaint"), have indisputably shown that they have standing to bring this case as Plaintiffs have demonstrated a concrete and particularized injury in fact that effects them in a personal and individual way. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Plaintiffs' Complaint details numerous violations of EPA regulations and federal and state laws, including but not limited to OSHA violations, by Defendants which have created an unsafe working environment for Plaintiffs and thereby has caused them injury. The injury in fact suffered by Plaintiffs due to Defendants' illegal and dangerous conduct gives Plaintiffs standing to bring this action and thereby gives this Court subject matter jurisdiction over all of Plaintiffs' claims.

While Plaintiffs do not necessarily oppose this Court granting Defendants' request in their Motion to Dismiss to stay this action pending the outcome of the ongoing investigation by the U.S. Environmental Protection Agency ("EPA") and the U.S. Attorney's Office (collectively hereinafter with the EPA, the "Government") into Plaintiffs' claims, Plaintiffs request a status hearing with all

interested parties, including the Government. Depending on the progress and current status of the criminal proceedings underway against Defendants by the Government, Plaintiffs may agree that staying this case would serve the interests of the parties and the Court by conserving the resources of all involved.

## II.   STATEMENT OF FACTS

Contrary to Defendants' misrepresentations, Plaintiffs do have standing to bring this action as they have suffered an injury in fact caused by Defendants' conduct which is redressable by this Court. While Defendants claim the Complaint fails to allege any specific, indentifiable harm suffered by Plaintiffs due to Defendants conduct, the Complaint is replete with specific charges of violations of the Clean Water Act ("CWA"), the Clean Air Act ("CAA"), the Resource Conservation and Recovery Act ("RCRA"), and the Emergency Planning and Community Right-to-Know Act ("EPCRA") along with numerous OSHA violations which have created a hazardous work environment for Defendants' employees. Each of these violations by Defendants has cause a concrete and individualized injury to Plaintiffs as employees working in the Ellenwood and Forest Park, Georgia facilities (the "Facilities").

The Complaint details Defendants' violations of the RCRA and CAA based on Defendants' illegal transport, storage, and disposal of hazardous waste.

(Complaint, ¶¶ 25-40). Within these allegations, Plaintiffs state that, in contravention to the established legal requirements for a facility storing and disposing of hazardous waste such as the Facilities, they, as employees, have received no training as to the necessary standard and emergency procedures for dealing with hazardous waste. (Complaint, ¶ 38). Plaintiffs further allege that the storage of the hazardous waste creates a dangerous work environment and safety issue for them as employees. (Complaint, ¶ 38). Additionally, the illegal disposal of hazardous waste via evaporation in the Facilities releases hazardous waste into the environment and, in addition to harm to the general public, this creates a very unhealthy and treacherous work environment for Plaintiffs as employees and particularly affects Plaintiffs based on their long hours spent in such close proximity to hazardous waste. (Complaint, ¶ 39).

Plaintiffs' allegations in the Complaint under the EPCRA contend that Defendants have failed to comply with the emergency planning requirements for dealing with extremely hazardous substances and that this failure further constitutes an OSHA violation. (Complaint, ¶¶ 41-42). Plaintiffs also claim violations of the CWA, transportation regulations, and other state law claims which directly and concretely have caused injury to Plaintiffs. (Complaint, ¶¶ 44-47, 52-53). As Plaintiffs are employees and thereby protected by OSHA regulations

designed to ensure a safe work environment, Plaintiffs have suffered an injury due to Defendants' conduct. Each of the violations alleged above affects Plaintiffs based on their position as employees of Defendants. (Complaint, ¶ 48-51). Defendants have failed under OSHA to provide Plaintiffs with information about the hazardous chemicals to which they are exposed while working in the Facilities. (Complaint, ¶ 48). The Complaint goes into great detail about the OSHA violations which result in direct injury to employees of the Facilities, such as Plaintiffs, including, but not limited to, the failure to provide training for handling hazardous materials, the failure to provide protective equipment, and the failure to develop a respiratory protection plan to protect Plaintiffs from exposure to harmful fumes, gases, and vapors such as those produced by the storage and disposal of hazardous waste at the Facilities. (Complaint, ¶ 48-50).

Defendants' Motion to Dismiss is based entirely on the false premise that Plaintiffs have not suffered any injury in fact and thereby have no standing to pursue their claims. However, Defendants completely fail to discuss the fact that each federal and state law violation which creates an unsafe work environment for Plaintiffs is an injury in fact. The mere fact that Plaintiffs allege injury to the general public and the environment, in addition to the personalized injury suffered by them, does not cause Plaintiffs to lose standing. Accordingly, Defendants'

arguments are inaccurate and improper, and Defendants' Motion to Dismiss, as to its request to dismiss Plaintiffs' claims for lack of standing, should be denied.

## III.   STANDARD OF REVIEW

Courts have repeatedly held that a claim is "extremely difficult" to dismiss based on a lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A., 104 F.3d 1256, 1260 (11th Cir. 1997); see also Simanonok v. Simanonok, 787 F.2d 1517, 1519 (11th Cir.1986). There are two types of attacks that may be made on the existence of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) -- facial and factual. See Garcia 104 F.3d at 1260. Defendants have facially attacked the Complaint, and therefore, the allegations in the Complaint must be taken as true for the purposes of deciding the Motion to Dismiss. See id. at 1261. The Eleventh Circuit has held that a facial attack "require[s] the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Id. (internal quotations and alterations omitted).

In order to have constitutional standing required to bring a claim, Plaintiffs must establish three elements as follows:

First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized,

> and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Willingham v. Global Payments, Inc., 1:12-CV-01157-RWS, 2013 WL 440702, at *4 (N.D. Ga. Feb. 5, 2013) (internal alterations omitted); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). In deciding Defendants' Rule 12(b)(1) Motion to Dismiss, the Court must accept the well-pleaded factual allegations in Plaintiffs' Complaint as true to determine if they have standing to bring their claims. See Garcia, 104 F.3d at 1261. Taking all allegations in Plaintiffs' Complaint as true, the allegations in Plaintiffs' Complaint more than exceed the requirements of injury in fact, causation, and redressability.

## IV.   ARGUMENT AND CITATION OF AUTHORITY

While it is true that Plaintiffs bear the burden to establish all three prongs of constitutional standing, Defendants' Motion to Dismiss only attacks the single prong of injury in fact. See Parker v. Scrap Metal Processors, Inc., 386 F.3d 993, 1002-03 (11th Cir. 2004). Thus, while all prongs of the constitutional inquiry are addressed below, Plaintiffs have focused on the only area of Defendants' challenge, injury in fact. Additionally, while Defendants allege that any violative

conduct is "wholly past," it is clear based on the continuing nature of the Complaint that as long as Defendants are using the Facilities to blend, transport, store and dispose of herbicides and other hazardous waste, the injury will continue and the activity is not wholly past.

### A. Plaintiffs Have Established that They Meet the Constitutional Standing Requirement of Injury In Fact

In order to establish standing sufficient for this Court to have subject matter jurisdiction over their claims, Plaintiffs must show that they have suffered an injury in fact, that the injury is traceable to Defendants' conduct, and that a favorable ruling from this Court would redress the injury suffered. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); see also Bischoff v. Osceola County, Fla., 222 F.3d 874, 883 (11th Cir. 2000). This Court has defined an injury in fact as "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Willingham, 2013 WL 440702 at *4.

A review of Plaintiffs' Complaint demonstrates the detailed allegations made by Plaintiffs about injury to them as employees whose injuries are concrete and particularized and actual and/or imminent. The Complaint details Defendants' violations of RCRA and CAA arising from Defendants' illegal transport, storage, and disposal of hazardous waste. (Complaint, ¶¶ 25-40). Plaintiffs allege that, in

contravention to the established legal requirements for a facility storing and disposing of hazardous waste such as the Facilities, they, as employees, have received no training as to the necessary standard and emergency procedures for dealing with hazardous waste. (Complaint, ¶ 38). Defendants' violation of the RCRA and CAA has caused Plaintiffs injury because Plaintiffs have not been properly trained for dealing with hazardous waste. Not only is the lack of training, which is required by law to protect Plaintiffs, an injury in fact which is concrete and particularized to Plaintiffs, this has already occurred and will continue to occur, making the injury both actual and imminent as a continuing injury.

Plaintiffs further allege that the storage of the hazardous waste creates a dangerous work environment and safety issue for themselves as employees. (Complaint, ¶ 38). Additionally, the illegal disposal of hazardous waste via evaporation in the Facilities releases hazardous waste into the environment which creates a very unhealthy and perilous work environment for Plaintiffs as employees and particularly affects Plaintiffs based on their long hours spent in such close proximity to hazardous wastes. (Complaint, ¶ 39). Plaintiffs work in the Facilities and, due to their employment, are breathing in this evaporated hazardous waste. This is a concrete and particularized injury which Plaintiffs have actually suffered and, therefore, gives Plaintiffs standing to bring their claims.

Plaintiffs' allegations in the Complaint under EPCRA contend that Defendants have failed to comply with the emergency planning requirements for dealing with extremely hazardous substances and that this failure further constitutes an OSHA violation. (Complaint, ¶¶ 41-42). Plaintiffs also claim violations of the CWA, transportation regulations, and other state law claims which directly and concretely have caused injury to Plaintiffs. (Complaint, ¶¶ 44-47, 52-53). As Plaintiffs are employees and thereby protected by OSHA regulations designed to ensure a safe work environment, Plaintiffs have suffered an injury due to Defendants' conduct. Each of the violations alleged above affects Plaintiffs based on their position as employees for Defendants. (Complaint, ¶ 48-51).

Defendants have failed under OSHA to provide Plaintiffs with information about the hazardous chemicals to which they are exposed while working in the Facilities. (Complaint, ¶ 48).  Plaintiffs, in their Complaint, have made very specific allegations about Defendants' past and continuing failure to provide training for handling hazardous materials, to provide protective equipment, and to develop a respiratory protection plan to protect Plaintiffs from exposure to harmful fumes, gases, and vapors such as those produced by the storage and disposal of hazardous waste at the Facilities. (Complaint, ¶ 48-50). Each of these allegations

demonstrates yet another concrete and particularized injury which Plaintiffs have actually suffered in the past and continue to suffer while employed at the Facilities.

While Defendants attempt to minimize Plaintiffs' OSHA violation claims by arguing that Plaintiffs have not quit their jobs or reduced their hours, Defendants have cited no authority that such action on the part of Plaintiffs is required or even encouraged. In fact, Plaintiffs are unable to find any authority for Defendants proposition that Plaintiffs must quit their jobs or reduce their hours in order to prove that Defendants' conduct has caused injury. Clearly, Plaintiffs have demonstrated that they have suffered concrete and individualized injuries which have actually occurred and which will continue to imminently occur until such time as Defendants' conduct ceases, as required by the Supreme Court and Eleventh Circuit.

### B. Plaintiffs Have Established that They Meet the Constitutional Standing Requirements of Causation and Redressability.

In addition to proving an injury in fact, there must be a causal connection between the injury and the conduct complained of-the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. See Lujan, 504 U.S. at 560; see also Bischoff, 222 F.3d at 883. And finally, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. See

Lujan, 504 U.S. at 560; see also Bischoff, 222 F.3d at 883. While Defendants have not argued that Plaintiffs have failed to meet these two prongs of the constitutional injury, Plaintiffs' Complaint clearly demonstrates that these factors are met.

All of the allegations in Plaintiffs' Complaint stem from Defendants' conduct in running the Facilities. (See generally Complaint). Plaintiffs do not attribute any of their injuries to the conduct of any third party rather than to Defendants. Additionally, if this Court finds in favor of Plaintiffs and enjoins Defendants' conduct and awards Plaintiffs compensatory and punitive damages, Plaintiffs' injuries are certainly redressable.

### C. Defendants' Conduct Is Not Wholly Past and Does Not Deprive Plaintiffs of Standing or This Court from Subject Matter Jurisdiction.

While it is true, as Defendants argue, that a court does not have subject matter jurisdiction over environmental violations under the CWA, RCRA, and EPCRA which are "wholly past," it is evident from the Complaint that Defendants' conduct is ongoing and will continue into the future unless enjoined. See Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc., 484 U.S. 49, 56-64 (1987); see also Scarlett & Assoc., Inc. v. Briarcliff Center Partners, LLC, No. 1:05-CV-0145-CC, 2009 WL 3151089, at *11 (N.D. Ga. Sept. 30, 2009); College Park Holdings, LLC v. Racetrac Petroleum, Inc., 239 F.Supp. 2d 1334, 1346 (N.D. Ga. 2002).

Courts have held that where a violation is not wholly past because the conduct of the wrongful party is continuing or intermittent, a party has standing to bring suit. See Parker, 386 F.3d at 1010 (holding that "the plaintiffs adequately proved that the defendants violated the CWA and that the violation was ongoing at the time of trial" even where the wrongful party had obtained a permit before the commencement of the suit). The Parker court further held that the language in the RCRA related to wholly past or ongoing violations is identical to the CWA, and therefore, if conduct which violates the RCRA is ongoing, there is subject matter jurisdiction. See id. at 1010 n. 20 ("The relevant language in the RCRA is identical to that in the CWA. Thus, a continuous or ongoing violation is required for liability to attach under the RCRA."). Further, as to EPCRA, the Supreme Court has held that a party that alleges an ongoing violation of the act has standing to bring their claims. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 109 (1998) ("Because respondent alleges only past infractions of EPCRA, and not a continuing violation or the likelihood of a future violation, injunctive relief will not redress its injury.").

As demonstrated throughout the Complaint, Plaintiffs have alleged ongoing actions of Defendants that violate the respective environmental regulations and federal and state laws. Specifically, Plaintiffs allege that Defendants have failed to

comply with the reporting requirements of EPCRA and that, though Plaintiffs notified Defendants of their intent to sue based on the violations, "Defendants have failed to correct the problems complained of." (See Complaint, ¶¶ 126-29). Plaintiffs also notified Defendants of their violations of the CWA and the RCRA, and Defendants have continued their course of conduct in violation of these and other statutes. (See Complaint, ¶¶ 65-71, 136-40, 145-51). Plaintiffs have not only established that Defendants' conduct is in violation of the above referenced statutes but also that the conduct is ongoing at this time, even after Defendants have been notified of the violations. Accordingly, this Court has subject matter jurisdiction over Plaintiffs' claims because the violations alleged in the Complaint are not wholly past as described by Defendants. Rather, the violations are continuing at this time and will continue until such time as this Court enjoins Defendants' conduct.

**D. Plaintiffs May Be Willing to Stay this Action Depending on the Current Status of the Government's Criminal Investigation into Defendants.**

Plaintiffs do not necessarily oppose this Court granting Defendants' request in their Motion to Dismiss to stay this action pending the outcome of the ongoing investigation by the Government into Plaintiffs' claims. However, Plaintiffs respectfully request that this Court set a status conference between all interested

parties, including the Government to determine the status of the ongoing criminal investigation into Defendants' illegal activities.

At this time, the Government has chosen not to intervene Plaintiffs' related FCA matter.[1] However, the Government is pursuing an alternate remedy to investigate Defendants for criminal charges based on the conduct alleged in the Complaint. (See Defendants' Motion to Dismiss Plaintiffs' Verified Complaint or, in the Alternative, to Stay All Proceedings, Doc. # 6, p.12-19).

In order to encourage private individuals to come forward with information about fraud that might otherwise remain hidden, the individuals bringing qui tam suits, such as the Plaintiffs in their related FCA action, are entitled to a portion of the proceeds of the action or settlement of the claim. See Hopper v. Solvay Pharmaceuticals, Inc., 588 F.3d 1318, 1322 (11th Cir. 2009). However, the government may decide not to intervene in the FCA action and instead choose to pursue a different course, known as an "alternate remedy." See Vermont Agency

_____

[1] This Court "may take judicial notice of its own records and the records of inferior courts." See Hi-Tech Pharmaceuticals, Inc. v. Demelo, No. 1:07-CV-1934-RWS, 2009 WL 901156, at *8 (N.D. Ga. Mar. 31, 2009) (citing U.S. v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987)). Accordingly, Plaintiffs respectfully request that the Court take judicial notice of its own records in the related action styled United States of America Ex rel. Liviu Potra and Thomas Hilton v. Jacobson Companies, Inc., Jacobson Packaging Company, LLC, Jacobson Transportation Company, Inc., Jacobson Warehouse Company, and John Doe, Civil Action No. 1:12-CV-1600-WSD, in ruling on the instant Motion.

of Natural Res. v. U.S. ex rel. Stevens, 529 U.S. 765, 770 (2000). Plaintiffs can recover their share of proceeds obtained by the Government during its pursuit of a different course of action if that course of action is considered an "alternate remedy." U.S. ex rel. Battle v. Bd. of Regents of State of Georgia, CIVA 100CV-1637-TWT, 2005 WL 4880633, at *6 (N.D. Ga. Feb. 10, 2005), aff'd sub nom., U.S. ex rel. Battle v. Bd. of Regents for Georgia, 468 F.3d 755 (11th Cir. 2006); see also Barajas v. U.S., 258 F.3d 1004, 1012 (9th Cir. 2001).

Fairness concerns arise in this case because the Government has chosen to pursue criminal remedies based on the information Plaintiffs provided instead of pursuing the qui tam claim.  Keeping with its purpose of incentivizing relators to blow the whistle on illegal conduct, the FCA, on its face, protects the interests of qui tam relators in instances where the government seeks "any alternate remedy."  See 31 U.S.C. § 3730(c)(5) (2006).  Specifically, the Act provides that the relator "shall have the same rights in such [an alternate remedy] proceeding as such person would have had if the action had continued under this section."  See id.

Courts, such as the Sixth Circuit in United States ex rel. Bledsoe v. Community Health Sys., whose opinion was cited favorable by this Court in Battle, have held that the government may pursue an alternate remedy even where it declines to intervene in relator's civil suit. See Bledsoe, 342 F.3d 634, 640 (6th

Cir. 2003). Accordingly, under the <u>Bledsoe</u> analysis, in this case the Government is pursuing an alternate remedy since it declined to intervene in Plaintiffs' related FCA action but is still pursuing the illegal conduct of Defendants based on the allegations in the Complaint.  While there remains limited case law on the issue, courts have held that a criminal proceeding, which was precipitated by a qui tam action, constitutes an alternative remedy and have allowed a relator to intervene for the limited purpose of recovering his relator's share in the criminal proceeding. <u>See United States v. Bisig</u>, Nos. 100CV335JDTWTL, 101CV0030JDTWTL, IP 02-CR-112-01-T/F, 2005 WL 3532554, at *10 (S.D. Ind. 2005) (holding that criminal forfeiture proceedings constitute an alternate remedy).  Accordingly, Plaintiffs will seek to intervene in the damages and/or sentencing phase of the Government's criminal proceedings against Defendants in order to recover their relator's share.

Based on the foregoing, Plaintiffs request that this Court order a status hearing with all interested parties to this action and the related FCA action. After a status hearing wherein Plaintiffs have the opportunity to determine their rights and path forward in the criminal proceedings, Plaintiffs may agree to staying this case pending the outcome of the Government's criminal investigation into the allegations raised in the Complaint about Defendants' conduct.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Court DENY Defendants' Motion to Dismiss as to Defendants' claims that Plaintiffs do not have standing to bring this action and that this Court does not have subject matter jurisdiction over all of Plaintiffs' claims. Plaintiffs respectfully request that this Court ORDER a status conference involving all interested parties before ruling on whether to stay this proceeding.

Respectfully submitted this 10th day of May, 2013.

/s/ Scott E. Hitch
Scott E. Hitch
Georgia Bar No. 357619
shitch@burr.com
Erin C. Howell
Georgia Bar No. 931527
ehowell@burr.com
Attorneys for Plaintiffs Liviu Potra and
Thomas Hilton

BURR & FORMAN LLP
171 Seventeenth Street, Suite 1100
Atlanta, Georgia  30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR STAY ALL PROCEEDINGS** has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1.

/s/ Scott E. Hitch
Scott E. Hitch
Georgia Bar No. 357619
shitch@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia  30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

1948343 v2

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May, 2013, I electronically filed the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR STAY ALL PROCEEDINGS** with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following attorneys of record:

Barry J. Armstrong
Ian K. Byrnside
McKenna Long & Aldridge LLP
303 Peachtree Street, Suite 5300
Atlanta, Georgia 30308

/s/ Scott E. Hitch
Scott E. Hitch
Georgia Bar No. 357619
shitch@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia  30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

1948343 v2