IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LIVIU POTRA and THOMAS HILTON, <br><br> **Plaintiffs,** <br><br> v. <br><br> JACOBSON COMPANIES, INC., et al., <br><br> **Defendants.** | 1:13-cv-00387-WSD |

**OPINION AND ORDER**

This matter is before the Court on the Defendants' Motion to Dismiss the Plaintiffs' Complaint or, in the alternative, to Stay all Proceedings [6], and the Plaintiffs' Motion to Consolidate this case with the pending False Claims Act ("FCA") action in Potra v. Jacobson Companies Inc., et al., No. 1:12-cv-1600-WSD [8].

**I.   BACKGROUND**

   A.   Factual and Procedural History

On February 3, 2013, Plaintiffs filed a sixteen (16) count Complaint against the Defendants alleging violations of the federal and state environmental laws. Defendants own and operate specialty chemical blending facilities in Ellenwood,

Georgia, and Forest Park, Georgia, where they blend, transport, store, and dispose of pesticides, herbicides, and other chemical products.  Compl. at ¶¶ 4, 24.  Plaintiffs are employees of the Defendants, and they bring this direct action pursuant to the citizen suit provisions of several environmental laws and regulations.  Id. at ¶ 2.  Plaintiffs allege that Defendants violated, and continue to violate, federal environmental statutes and regulations, including the Clean Water Act, the Clean Air Act, the Resource Conservation and Recovery Act, the Emergency Planning and Community Right-to-Know Act, and environmental standards implemented by the Occupation Safety and Health Administration ("OSHA").  Id. at ¶¶ 12, 25-53, 54-162.  Plaintiffs claim that Defendants violated these federal statutes and environmental regulations by improperly transporting, storing, treating, and disposing of hazardous waste at the blending facilities.  Id.  Plaintiffs claim that the Defendants failed to comply with the reporting and permitting requirements mandated by the federal environmental laws and regulations.  Plaintiffs also assert that Defendants violated Georgia state laws that regulate the environment and workplace safety.

On April 26, 2013, Defendants moved to dismiss the Plaintiffs' Complaint for lack of subject matter jurisdiction.  Defendants have facially attacked the Complaint, and they argue that the Complaint fails to allege a concrete and

particularized injury required for the purposes of standing under Article III of the United States Constitution.

## II.   DISCUSSION

### A.   Legal Standard

Article III of the United States Constitution provides that the judicial power of the federal courts extends only to "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. It is well-settled that this limited extension of power imposes substantive constitutional constraints on the power of federal courts to resolve legal disputes. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). The doctrine of standing is a fundamental boundary of the judicial power to decide cases and controversies. Id. "[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975). This is a threshold issue in every federal case. Id.

"[A] plaintiff who invokes the jurisdiction of a federal court bears the burden to show (1) an injury-in-fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the [challenged] conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." CAMP Legal Defense Fund, Inc. v. City of Atlanta, 451

F.3d 1257, 1269 (11th Cir. 2006) (internal quotation marks omitted).  Standing "must be supported in the same way as any other matter on which the plaintiff bears the burden proof," that is, "with the manner and degree of evidence required at the successive stages of the litigation."  CAMP, 451 F.3d at 1269 (quoting Lujan, 504 U.S. at 561).

To demonstrate an injury-in-fact for purposes of Article III standing, "a plaintiff must point to some type of cognizable harm, whether such harm is physical, economic, reputational, contractual, or even aesthetic."  Koziara v. City of Casselberry, 392 F.3d 1302, 1305 (11th Cir. 2004) (citations and internal quotation marks omitted).  "But the injury in fact test requires more than an injury to a cognizable interest.  It requires that the party seeking review be himself among the injured."  Id.  In other words, the Plaintiffs must show that they are directly impacted, and the Defendants' conduct affects them "in a personal and individual way."  Id.

When a Defendant asserts a facial attack on the Complaint, the Court is required to "merely look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion."  Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (citations internal quotation marks omitted).  Factual attacks on the

Complaint "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id.  On a facial attack, the Court accepts all allegations in the Complaint as true in deciding whether to grant the motion.  Id.

    B.    Analysis

The Complaint recites a wide range of violations of the federal and state environmental laws.  Plaintiffs contend that Defendants violated these laws, and continue to violate these laws, and conclude each count with the conclusory allegation that "Plaintiffs and the environment have suffered harm as a result of Defendants' actions."  Compl. at ¶¶ 74, 95, 103, 112, 121, 132, 143, 154, 162, 172, 181, 189.  The Complaint, however, is devoid of allegations showing that Plaintiffs are directly impacted by the Defendants' conduct, and it is devoid of facts alleging the specific "physical, economic, reputational, contractual, or even aesthetic harm" required to demonstrate Article III standing.  Koziara, 392 F.3d at 1305.  It is also devoid of any allegation of specific, particularized harm to any person and what is alleged does not give rise to an inference of a particularized harm.

In their Response to the Defendants' Motion to Dismiss, Plaintiffs contend that the Defendants presented the Court with "misrepresentations" and argue that, in their view, the "Complaint is replete with specific charges" regarding violations

of federal and state environmental laws, and "each of these violations by Defendants has cause[d] [sic] a concrete and individualized injury to Plaintiffs as employees working in the Ellenwood and Forest Park, Georgia facilities . . . " Pls.' Opp'n to Defs.' Mot. to Dismiss or Stay at 3.

Plaintiffs specifically contend that paragraphs ¶¶ 38-39 allege that the storage and disposal of hazardous waste creates a dangerous and unhealthy work environment. This claim misrepresents the Plaintiffs' own Complaint. Paragraphs ¶¶ 38-39 do not contain the phrase "dangerous and unhealthy work environment" and no assertion in these paragraphs can be construed to suggest that Plaintiffs are affected by the Defendants' conduct in a personal and individual way.

Plaintiffs also assert in their response that paragraphs ¶¶ 48-51, which allege that the Defendants violated OSHA standards, demonstrate an injury-in-fact because Defendants failed to provide training for hazardous waste material, failed to provide protective equipment, and failed to develop a respiratory protection plan to protect Plaintiffs from exposure to harmful fumes. The Complaint does not explain how the alleged violation of the OSHA standards harms them in a "physical, economic, reputational, contractual, or even aesthetic" way. Koziara, 392 F.3d at 1305. In paragraph ¶ 50, Plaintiffs argue that the "stacking of several pallets for supporting totes weighing in excess of 1,000 pounds constitutes a

serious hazard of the workplace.  Workers could be crushed, pinned, receive a concussion, or come into contact with highly hazardous materials if the tote were to fall from the stack of pallets, which are not in any way secured in place." Compl. at ¶ 50.  "Speculative and imaginary threats will not confer standing." White's Place Inc. v. Glover, 222 F.3d 1327, 1329 (11th Cir. 2000).  Plaintiffs do not allege in paragraph ¶ 50 that a serious hazard in the workplace has caused, or will imminently cause, death or serious physical harm to them in violation of OSHA's General Duty Clause.  That "workers could be" physically harmed by the Defendants' conduct is too abstract and speculative to confer Article III standing. The Court also notes that paragraph ¶ 50 of the Complaint is the only place in the section on the Defendants' alleged violations of OSHA standards, and perhaps in the entire Complaint itself, where Plaintiffs point to an injury to a cognizable interest.  Koziara, 392 F.3d at 1305.  Nowhere else in the section on alleged OSHA violations do the Plaintiffs allege that they have been injured by the Defendants' conduct.[1]  The allegations in paragraph ¶ 50 of the Complaint do not confer

---

[1] For example, paragraph ¶ 48 of the Complaint alleges that Defendants did not provide their employees with training regarding the hazardous chemicals, but the Complaint fails to allege that Plaintiffs are injured, or may imminently be injured, as a result of the Defendants' failure to provide the required training.  Similarly, paragraph ¶ 49 alleges that Defendants failed to provide a respiratory protection program, but Plaintiffs do not allege that the absence of a respiratory protection program injured them or that an injury to them is imminent.

7

standing because Article III "requires that the party seeking review be himself among the injured," and the Plaintiffs do not explain how they are either injured or that an injury to them is imminent due to the Defendants' conduct.

Plaintiffs also rely on paragraphs ¶¶ 41-42, 44-47, and 52-53 to assert that "as Plaintiffs are employees and thereby protected by OSHA regulations designed to ensure a safe work environment, Plaintiffs have suffered an injury due to Defendants' conduct.  Each of the violations above affects Plaintiffs based on their position as employees for Defendants."  Pls.' Opp'n to Defs.' Mot. to Dismiss or Stay at 10.  This conclusory claim does not appear anywhere in the cited paragraphs of the Complaint.  To the extent that the Plaintiffs now rely on this claim to demonstrate an injury-in-fact, the Court cannot speculate that "subject matter jurisdiction exists on the basis of information which was not contained in the Complaint" given that the Defendants have facially attacked the Complaint.  Pennsylvania Prot. and Advocacy, Inc. v. Houston, 136 F. Supp. 2d 353, 367 (E.D. Pa. 2001) (citations omitted).  Even if the Court considered the newly raised claim in the Plaintiffs' response, the claim is conclusory and it does not sufficiently show that the Plaintiffs were directly impacted by the Defendants' conduct in a personal and individual way.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Defendants' Motion to Dismiss is **GRANTED** [6].

**IT IS FURTHER ORDERED** that the Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE**.[2]

**IT IS FURTHER ORDERED** that the Defendants' Motion to Stay all Proceedings is **DENIED AS MOOT** [6].

**IT IS FURTHER ORDERED** that the Plaintiffs' Motion to Consolidate this case with the pending FCA action in Potra v. Jacobson Companies Inc., et al., No. 1:12-cv-1600-WSD is **DENIED AS MOOT** [8].

**SO ORDERED** this 27th day of March 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The Defendants' request to dismiss the Plaintiffs' Complaint with prejudice is **DENIED**. Because the Court has no subject matter jurisdiction over the Complaint, it has no power to render a judgment on the merits. See Stalley v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1234 (11th Cir. 2008).